The People of the State of New York ex rel. John Dee, Appellant, *v.* Foster L. Backus, as District Attorney of Kings County, Respondent.

*Repeal of a local bill — when the title of a legislative act sufficiently expresses its subject.*

Where the title of an act of the Legislature expresses the subject-matter of the legislation, and fairly and reasonably suggests the contents of the act, these being germane to the title and facilitating the accomplishment of what the legislation contemplates, the act is not obnoxious to section 16 of article 3 of

the Constitution, which provides that "no private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title."

Chapter 772 of the Laws of 1896, entitled "An act in relation to the office of the district attorney of the county of Kings, providing for the election of district attorney and the appointment of clerks, stenographers and county detectives for said office," which by its terms repeals chapter 105 of the Laws of 1892, which created the offices of county detectives for Kings county and attached them to the district attorney's office, is not in its repeal of the act of 1892 obnoxious to section 16 of article 3 of the Constitution.

APPEAL by the relator, John Dee, from an order of the Supreme Court, made at the Kings County Special Term, bearing date the 22d day of October, 1896, and entered in the office of the clerk of the county of Kings, denying his motion for a peremptory writ of mandamus requiring the defendant to place his name upon the pay roll of his office, as a county detective.

*Almet F. Jenks,* for the appellant.

*Frederick E. Crane,* for the respondent.

HATCH, J.:

The relator was appointed to an office known as "county detective" by virtue of chapter 105, Laws of 1892, which created such office, and he was continued therein in connection with the district attorney's office until 1892, when the Legislature passed an act (Chap. 772, Laws of 1896) which repealed the former law. No question is raised but that the law of 1892 was repealed by the terms of the later act and that its apparent effect is to discontinue the relator's office, and to substitute therefor the provisions of law which authorized the present district attorney to make appointments to the office of county detective created by the provisions of the later act. The claim of the relator is that the later act is not a constitutional exercise of power in that it violates section 16 of article 3 of the Constitution, which provides that "no private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title." The particular thing in which it is claimed that this act violates this provision of the Constitution is, that while by its provisions it assumes to repeal the act

of 1892, the fact of such repeal is not expressed in the title of the act. The title of the act reads: " An act in relation to the office of the district attorney of the county of Kings, providing for the election of district attorney and the appointment of clerks, stenographers and county detectives for said office." The repealed act of 1892 was entitled " An act to create the offices of county detectives in and for the county of Kings." The provisions of the law provided for the appointment of such officers by the district attorney of the county, attached them to his office, defined their duties and made them subject to his direction. The subject expressed in the repealing act is the office of the district attorney of Kings county, and express reference is made to county detectives for said office. The subject-matter of the legislation which is to follow is, therefore, expressed in the title, and in detail, that it relates to the county detectives who are connected with the subject-matter expressed. This provision of the Constitution has been the subject of repeated decision, and it has been uniformly held that when the title expressed the subject of the legislation, and fairly and reasonably suggested the matters contained therein, which were germane to the title and facilitated the accomplishment of what the legislation contemplated, the statute was in no just sense obnoxious to this provision of the Constitution. (*People ex rel. City of Rochester* v. *Briggs*, 50 N. Y. 558; *Sweet* v. *City of Syracuse*, 129 id. 316; *Astor* v. *Arcade R. Co.*, 113 id. 93; *Johnston* v. *Spicer*, 107 id. 185.)

Here the subject-matter expressed in the title and the office of county detective are related to each other; they form a part of the whole, which is the district attorney's office, and as such are related together and embraced therein. Clearly then the subject-matter expressed in this title directly related to the legislation which this act contained, and it was, therefore, a constitutional exercise of power within the rule laid down in the authorities cited.

We are not now concerned with the question as to whether that part of the act which extends the term of the office of the district attorney is constitutional or otherwise. It in no wise affects the present question. So far as the relator is concerned it is a valid exercise of power as to him and had the effect of discontinuing his office. This part of the act is so far separate and distinct from its

other provisions that it may operate even though the other parts are bad. We are not to be understood as intimating that any part of the act is in conflict with the Constitution. We simply decide the question now before us.

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.