---

In re WALLACE.

(Supreme Court, Appellate Division, First Department. April 18, 1902.)

1. SURROGATE'S COURT—DEPOSITIONS—COMMISSION.
    Under Laws 1896, c. 908, § 229, relating to a transfer tax, providing that surrogates' courts have jurisdiction to determine all questions arising thereunder, and do any act in relation thereto authorized by law to be done by a surrogate in other proceedings, such courts have power to issue a commission to take testimony without the state in proceedings to fix a transfer tax.

2. SAME—JURISDICTION—PETITION—AFFIDAVIT.
    Where an application for a commission to take testimony without the state in proceedings to fix a transfer tax on certain money is based on a petition, and also on an affidavit, which latter states that the money was the proceeds of the sale of an interest in a partnership in the city of New York, and was deposited in a bank in that city in the name of the wife of the seller, since deceased, it gives the surrogate of New York county jurisdiction, though the petition was insufficient in that it did not show that the property was ever in such county.

3. CONSTITUTIONAL LAW—PRIVATE BILL—TITLE.
    Laws 1900, c. 658, amending Laws 1896, c. 908, art. 10, by providing that public appraisers of transfer taxes be appointed in the three large cities of the state, instead of an appraiser being appointed by the surrogate in each case, is not a private or local bill, but an amendment to a general law, and does not violate Const. art. 3, § 16, providing that no private or local bill can embrace more than one subject, and that shall be expressed in the title.

Appeal from surrogate's court, New York county.

Proceedings to fix a transfer tax on certain money transferred by Theodore C. Wallace, since deceased, to his wife, Lucy E. Wallace. From an order of the surrogate's court directing a commission to issue for the purpose of taking testimony without the state, Lucy E. Wallace and others appeal. Affirmed.

This is a proceeding brought under article 10, c. 908, Laws 1896, and the acts amendatory thereof, known as the "Transfer Tax Law." The appeal herein is brought by Lucy E. Wallace, Theodore C. Wallace, and the estate of Theodore C. Wallace from an order of the surrogate's court of the county of New York granting a commission to take the testimony of nonresident witnesses in a proceeding to fix a transfer tax upon certain property of Theodore C. Wallace, a resident of the state of New Jersey, deceased. The moving papers upon which the said order was made consisted of the usual notice of motion, the petition of the state comptroller for the designation of an appraiser, the order of the surrogate's court designating an appraiser, and an affidavit of one Philip W. Kopper, counsel for the comptroller. No appeal was taken from the order designating the appraiser. The affidavit of Kopper sets forth the facts that at the time of his death, on the 18th day of December, 1899, the said Theodore C. Wallace was a resident of the state of New Jersey; that he was for many years prior to his death engaged in business at Nos. 577 and 583 Greenwich street, in the city and county of New York; that on or about the 4th day of November, 1899, the said Wallace, in contemplation of his approaching death, sold out his said business to his copartners therein for the sum of $106,607.96, and that the sum of $36,607.96 was paid to said Wallace by a check of Ogden & Wallace on the Chemical National Bank of the city of New York, drawn payable to the order of said Theodore C. Wallace, who thereupon received the same, and indorsed it over to his wife, Lucy E. Wallace, on the 4th day of November, 1899, and she deposited the same in the State Trust Company in the city of New York, and that the amount of money called for by said check was duly transferred from the said Chemical Bank to the said trust company, and by said trust company credited to the account of the said Lucy E. Wallace; that the balance of said consideration, to wit, the sum of $70,000, was given in notes of Ogden and Wallace to their own order, and by them paid, when due, to the said Lucy E. Wallace, to whom they had been given by the said Theodore C. Wallace; that the said Theodore C. Wallace died intestate, and that no letters of administration had been granted either in the state of New Jersey or in the state of New York; that for the purpose of proving the fact that the said transfers were made in contemplation of death it will be necessary to examine as witnesses in this proceeding J. S. Brown and Lucy E. Wallace, and that neither said Brown nor said Lucy E. Wallace reside in the state of New York, but that they both reside in Montclair, in the state of New Jersey, and are not within the state of New York.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

William H. Hamilton, for appellants.
Philip W. Kopper, for respondent.

HATCH, J. It is the claim of the appellants that the surrogate had no power to issue a commission in this proceeding to obtain testimony for use before the appraiser. In Re Plumb, 64 Hun, 317, 19 N. Y. Supp. 79, affirmed on opinion below, 135 N. Y. 661, 32 N. E. 22, it was held that the surrogate's court of this state had power to issue a commission to take the testimony of witnesses who are without the state, in a proceeding pending in such court, and that the provisions of sections 887 and 888 of the Code of Civil Procedure apply thereto. By the provisions of the tax law (section 229, c. 908, Laws 1896) it is, among other things, provided that surrogates' courts of every county of the state "shall have jurisdiction to hear and determine all questions arising under the provisions of this article, and do any act in relation thereto authorized by law to be done by a sur-

rogate in other matters or proceedings coming within his jurisdiction." Under the provisions of this statute and the authority construing the power vested in surrogates' courts, it would seem to follow that a surrogate's court has power to issue a commission to take the testimony of foreign witnesses in proceedings instituted under the transfer tax law. The point is raised that, assuming the power exists to authorize the issuance of a commission in this proceeding, yet the proof is insufficient to confer jurisdiction upon the surrogate to make the order authorizing its issue. The petition is undoubtedly insufficient to confer such jurisdiction, as it nowhere states that the property which it is claimed is subject to the tax is, or ever was, situate within the county of New York. This is essential to be stated in order to confer jurisdiction, for, if not so situated, the surrogate's court would have no power over it. Forming a part of the moving papers, however, and upon which the surrogate acted, is the affidavit of Philip W. Kopper, from which it appears that the money which is sought to be made subject to a tax was a portion of the proceeds of a sale of the interest of the decedent in the firm of Ogden & Wallace, and that such money was by various mesne transfers deposited to the credit of Lucy E. Wallace, the wife of the decedent, in the State Trust Company in the city of New York. It thus appears that the property which was the subject of the tax was within the city and county of New York at the time when the tax thereon attached and became due and payable. It was subject to the jurisdiction of the surrogate's court of the county of New York at that time, and no other surrogate's court acquired jurisdiction over it. The proceeding, therefore, to subject the estate to a transfer tax arose in the city of New York, as appeared by affirmative averments; and by virtue of such fact the surrogate's court acquired jurisdiction to take proceedings in such county for the enforcement of the tax.

It is further claimed that the act, chapter 658 of the Laws of 1900, as amending article 10, c. 908, of the Laws of 1896, is unconstitutional, for the reason that it violates section 16 of article 3 of the constitution of the state, which provides that "no private or local bill which may be passed by the legislature can embrace more than one subject, and that shall be expressed in the title." The principle involved was the subject of discussion by Mr. Justice Woodward in Re Fuller's Estate, 62 App. Div. 428, 71 N. Y. Supp. 40, in which a conclusion was reached adverse to the contention of the appellant. The statute in question is not local in character, within the meaning of the constitution. It is an amendment to a general law, applicable to the whole state, and simply makes provision for exceptional conditions, which obtain in the three largest cities of the state, and evidently contemplates that such change is necessary in order that full force and effect may be given to all the provisions of the act, and that the law may be more efficiently enforced. Under such circumstances it has been repeatedly held that such statute is not obnoxious to the provisions of the constitution. People v. Backus, 11 App. Div. 147, 42 N. Y. Supp. 899, affirmed on opinion below, 153 N. Y. 686, 48 N. E. 1106. The statute, as it stood before this amendment, authorized the surrogate, upon the application of any parties in interest,

or upon his own motion, to appoint some person to act as appraiser. It would scarcely be claimed that the act in question would be in any sense, within the meaning of the constitutional provision, a local act, if it originally embraced the power to select, as is contained in the amendment under consideration. The general purpose sought to be accomplished by the law in its entirety is not made local in any sense by a provision which makes the rule applicable to the three largest cities of the state in the appointment of appraisers different from that which obtains in the other counties of the state, for the reason that such amendment does not make the transfer tax law a local act, nor change its effect as a general law.

It follows from these views that the order was proper. It should, therefore, be affirmed, with $10 costs and disbursements. All concur.