HENRY WILLIS, as a Stockholder in the ROCHESTER ELECTRIC RAILWAY COMPANY, on Behalf of Himself and Others, Appellant, *v.* THE CITY OF ROCHESTER, Respondent, and ROCHESTER ELECTRIC RAILWAY COMPANY et al., Appellants.

Constitutional law — street railways — Rochester (city of) — chapter 359 of the Laws of 1915, amending the charter of the city of Rochester and regulating fares of street railways within the city is not violative of the provisions of the state Constitution regarding titles of local bills (Art. 3, § 16) and forbidding the taking of property without compensation.

1. Chapter 359 of the Laws of 1915, entitled " An act to amend chapter 755 of the Laws of 1907, entitled ' An act constituting the charter of the city of Rochester,' generally," amends the charter by annexing to the city the village of Charlotte and a strip of land between the city and that village constituting the right of way of an electric railroad and by further amendment to section 636 regulates the rates of fare to be charged by a corporation operating a street surface railroad within the city. The title of the act does not attempt to specify in what particulars the charter is to be amended, nor does it thus divert attention from a foreign purpose concealed in the bill and not germane to the express purpose, and as the Constitution (Art. 3, § 18) guarantees to the local authorities a measure of control over the construction and operation of street railroads, the amendment is not inimical to section 16 of article 3, which provides that " No private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title."

2. It does not appear from the pleadings that the railroad companies cannot operate at a profit at the established rate and it does appear that all street surface railroad companies operating in the city of Rochester are treated alike. The amendment, therefore, is not unconstitutional as taking property without compensation and denying to the plaintiff and the railroad companies the equal protection of the laws.

*Willis* v. *City of Rochester*, 175 App. Div. 909, affirmed.

(Argued November 23, 1916; decided December 28, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 11, 1916, which affirmed an order of Special Term denying plaintiff's motion for judgment in its favor upon the pleadings.

The following questions were certified: "1. Does it appear upon the face of the pleadings herein that section 636 of chapter 755 of the Laws of 1907, as amended by section 7 of chapter 359 of the Laws of 1915, in so far as it regulates or fixes, or purports to regulate or fix, the rate or rates of fare to be charged by street surface railroad companies operating street surface railroads in the city of Rochester, is unconstitutional in that it is in conflict with section 16 of article 3 of the Constitution of this state, which provides that 'no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title?'

"2. Does it appear upon the face of said pleadings that section 636 of chapter 755 of the Laws of 1907, as amended by section 7 of chapter 359 of the Laws of 1915, is unconstitutional because it constitutes a taking of the property of the plaintiff and of the railroad companies which are parties to this action without compensation, by reducing the rate of fare for a single trip from ten cents to five cents, and because it deprives the plaintiff and said companies of equal protection of the law, and hence is in conflict with the provisions of the Constitution of the state of New York, and of the United States?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph W. Taylor* for plaintiff, appellant. The provision of the act, chapter 359 of the Laws of 1915, which regulates or purports to regulate the rates of fare to be charged by street surface railroads, violates section 16 of article 3 of the Constitution of this state, which provides that "no private or local bill, which may be

passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title." (*People* v. *O'Brien,* 38 N. Y. 193; *People* v. *Hill,* 35 N. Y. 449; *Gaskin* v. *Meek,* 42 N. Y. 186; *Matter of Goddard,* 94 N. Y. 548; *Ferguson* v. *Ross,* 126 N. Y. 459; *Matter of City of Rochester* v. *Bloss,* 77 App. Div. 33; 173 N. Y. 646; *Economic P. & C. Co.* v. *City of Buffalo,* 195 N. Y. 286; *Tommasi* v. *Archibald,* 114 App. Div. 838; *Parfitt* v. *Furguson,* 159 N. Y. 111.) The act, chapter 359 of the Laws of 1915, is also violative of other provisions of the Constitution of the state and of the United States, in that it constitutes the taking of property without compensation and in that it deprives the two defendant railroad companies, and their respective stockholders, of equal protection of the law. (*Braffet* v. *B., Q. C. & S. R. R. Co.,* 204 N.Y. 440; *Hogan* v. *L. I. R. R. Co.,* 206 N. Y. 440; *Enton* v. *Coney Island & B. R. R. Co.,* 136 App. Div. 800.)

*Daniel M. Beach* for defendants, appellants. Subdivision 2 of section 636, added to the charter of the city of Rochester, being chapter 359 of the Laws of 1915, was an amendment of general laws of the state and was not properly included in the charter amendment. (*Senior* v. *N. Y. City Ry. Co.,* 111 App. Div. 39; 187 N. Y. 559; *People ex rel. D. & H. Co.* v. *P. S. Comm.,* 140 App. Div. 839; *Braffet* v. *Brooklyn, Q. C. & S. R. R. Co.,* 204 N. Y. 440; *Hogan* v. *Long Island R. R. Co.,* 206 N. Y. 440.) The title to chapter 359 of the Laws of 1915 did not give notice of the subject contained in subdivision 2 of section 636 of the charter. (*Economic Power Co.* v. *City of Buffalo,* 195 N. Y. 286; *Huber* v. *People,* 49 N. Y. 134; *Harris* v. *People,* 59 N. Y. 599.)

*B. B. Cunningham* for respondent. The legislature has the right to reduce rates of fare. (*Smythe* v. *Ames,* 169 U. S. 466; *People ex rel. Bridge Company* v. *Public*

*Service Commission,* 153 App. Div. 129; *People ex rel. Railway Company* v. *Public Service Commission,* 143 App. Div. 769; 202 N. Y. 547; *Buffalo E. S. R. R. Co.* v. *Buffalo St. R. R. Co.,* 111 N. Y. 132.) A city charter under a general title may contain provisions affecting or regulating any or all of the corporate powers of the city. If the fixing of rates of fare is one of the corporate powers of a city, a provision relating to rates of fare may properly be placed in a charter. (*People ex rel. City of Rochester* v. *Briggs,* 50 N. Y. 553; *People ex rel. Olin* v. *Hennessey,* 206 N.Y. 33 ; *People ex rel. Lardner* v. *Carson,* 10 Misc. Rep. 237 ; 86 Hun, 617; 155 N. Y. 491; *Flood Abatement Commission* v. *Merritt,* 94 Misc. Rep. 388; *Oneonta L. & P. Co.* v. *Schwarzenbach,* 164 App. Div. 548; *People ex rel. Village of Brockport* v. *Sutphin,* 53 App. Div. 613; 166 N. Y. 163; *Scott* v. *Village of Saratoga Springs,* 131 App. Div. 347; 199 N. Y. 178; *Detroit* v. *D. C. S. R. R. Co.,* 184 U. S. 368; *State* v. *Pilsbury,* 105 U. S. 278; *Montclair* v. *Ramsdell,* 107 U. S. 147.) One of the corporate powers of cities conferred both by the Constitution and statutes is the power to fix rates of fare on street surface railroads within their respective limits, and a provision limiting and regulating this power is properly placed in the charter of the city to which it relates. (*People ex rel. S. S. T. Co.* v. *Willcox,* 133 App. Div. 556; 196 N. Y. 212; *Kittinger* v. *B. T. Co.,* 160 N. Y. 377; *Public Service Commission* v. *W. S. R. R. Co.,* 206 N. Y. 209; *Wilcox* v. *R. L. & P. Co.,* 142 App. Div. 44; 202 N. Y. 515; *A. R. Co.* v. *City of New York,* 206 N. Y. 110.) If the fixing or regulation of rates of fare is a city purpose, or a matter of concern to the people of a city, the legislature may in a city charter fix or regulate such rates of fare, and it is not necessary that the power to fix or regulate such rates of fare shall be committed to the local authorities. (*Norris* v. *Wurster,* 23 App. Div. 124; *Gusthal* v. *Strong,* 23 App. Div. 315; *Schieffelin* v. *McClellan,* 135 App. Div. 665;

*People ex rel. Smith* v. *Van De Carr*, 86 App. Div. 9;
*People ex rel. Clark* v. *Keeper*, 176 N. Y. 465; *People*
v. *Scherno*, 140 App. Div. 95.) The title of the annexa-
tion act is general and not limited. (*City of Rochester*
v. *Bloss*, 77 App. Div. 28; 173 N. Y. 646; *People ex rel.
City of Rochester* v. *Briggs*, 50 N. Y. 553; *Tommasi* v.
*Archibald*, 114 App. Div. 838.) The question of confisca-
tion is one of fact and cannot be determined upon a
motion for judgment upon the pleadings. (*Minnesota
Rate Cases*, 230 U. S. 352; *Wilcox* v. *Consolidated Gas
Company*, 212 U. S. 19.)

POUND, J. Chapter 359 of the Laws of 1915 is entitled
"An act to amend chapter 755 of the Laws of 1907,
entitled 'An act constituting the charter of the city of
Rochester,' generally." The purpose of the act is to annex
to the city of Rochester the incorporated village of Char-
lotte and a strip of land 3.35 miles in length and 100 feet
in width, being the highway known as the Boulevard and
the private right of way of the Rochester Electric Railway
Company adjoining the Boulevard, connecting the city
of Rochester and the village of Charlotte, together with
another strip of land including the bed and banks of the
Genesee river between said city and village. Section 7
of the act reads as follows:

" § 7. Section six hundred and thirty-six of said act
[viz., said charter], as amended by chapter one hundred
twenty-two of the Laws of 1914, is hereby amended so as
to read as follows:

" § 636. Laws and ordinances applicable, rates of fare
on street surface railroads.

" 1. The territory which has heretofore or is herein
added and annexed to the city of Rochester becomes a
part of said city, and is governed and administered in all
respects the same and is subject to the same laws and
ordinances as the remainder of said city.

" 2. A corporation operating a street surface railroad

must not charge any passenger more than five cents for one continuous ride from any point on its road to any other point thereon, within the limits of the city of Rochester. In case two corporations operate separate street surface railroads which connect or intersect in the city of Rochester, such corporations must not charge any passenger more than five cents for one continuous ride from any point on one road to any point on the other road, within the limits of the city of Rochester. In either of the above cases a transfer must be issued to a passenger when necessary for such passenger to transfer from one car to another, in order to complete one continuous ride. If two corporations affected by the provisions hereof cannot agree as to the method of division between them of fares collected, such method of division must be settled by the public service commission of the second district of the state of New York. The word 'road' as used in this section includes all street surface railroads, lines and branches operated by one corporation, those leased by it and those under its control."

The amendment consists in the addition of subdivision 2 to section 636 of the city charter. Prior thereto the charter contained no provision regulating rates of fare on any electric street surface railroad. The plaintiff in this action to restrain the enforcement thereof attacks the constitutionality of the amendment on the ground that the annexation act is a local bill embracing more than one subject, and that it is inimical to section 16 of article 3 of the state Constitution, which provides that:

"No private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title."

"Every presumption is in favor of the validity of legislative acts, and they are to be upheld unless there is a substantial departure from the organic law." (*People ex rel. City of Rochester* v. *Briggs*, 50 N. Y. 553.) Unless the

regulation of rates of fare on street railroads is so foreign to the main purpose of a city charter as to tend to mislead and deceive the members of the legislature or the public, if incorporated therein under a general title, the amendment is valid. (*People ex rel. Olin* v. *Hennessy,* 206 N. Y. 33.) The title here complained of does not attempt to specify in what particulars the charter is to be amended and it does not thus divert attention from a foreign purpose concealed in the bill and not germane to the expressed purpose. (*People ex rel. Corscadden* v. *Howe,* 177 N. Y. 499, 503; *Cahill* v. *Hogan,* 180 N. Y. 304, 308–309.) Attention is called to the potentiality of the widest range of legislation appropriate to the title. The legislature is dealing with a municipal corporation and its powers are thus limited to city purposes. The limitation is not a narrow one. An act entitled "An act to incorporate the Economic Power and Construction Company" was held to have a title delusive, deceptive and misleading because it gave to a private corporation the wholesale right to use the public streets and places for the purposes of the corporation. The court said that such right so vested "is so very extraordinary as to overcome every thought of the same being an incident to the incorporation of a power and construction company." (*Economic Power & Construction Co.* v. *City of Buffalo,* 195 N. Y. 286, 302.) But the Constitution (Art. 3, § 18) guarantees to the local authorities a measure of control over the construction and operation of street railroads. The power to grant franchises or rights to use the streets is an incident to the incorporation of cities generally (L. 1913, ch. 247, General City Law, § 20, subd. 10) and of the incorporation of the city of Rochester in particular (L. 1907, ch. 755, § 8, subd. 3, as amended by L. 1910, ch. 250.) As the rate of fare is a matter of municipal and public interest, it would not be so very extraordinary to find in a city charter some regulation of the terms and conditions upon which street railroads should operate,

28

which might include the fixing of rates of fare. (*Public Service Commission* v. *Westchester St. R. R. Co.*, 206 N. Y. 209, 217; *Admiral Realty Co.* v. *City of New York*, 206 N. Y. 110.)

The legislator or citizen interested would, I think, be expected to read any bill amending a city charter generally in order to ascertain the relation of the proposed legislation to the rights of the local companies or the public. In this case he would at once come upon the somewhat unusual terms of the bill whereby the 3.35 miles of right of way of the street railroad are annexed to the city of Rochester, thus forming a narrow connecting link between the old city and the annexed district. In passing upon the statute, its validity or invalidity under the constitutional provision may to some extent depend upon the special circumstances of the case. (*Matter of Henneberger*, 155 N. Y. 420.) The annexation of the right of way speaks in clear accents of the possibility — indeed of the probability — of rate regulation and warns even the casual reader to examine the entire act to see what if anything has been incorporated in the city charter which bears on the operation of the railroad. The vice of deception is absent and we should not criticise the details of the bill or concern ourselves with its propriety or wisdom. (*People ex rel. City of Rochester* v. *Briggs, supra.*) The legislature may regulate the rates of fare to be charged by street railroads in a city even though a better policy would leave the matter to private agreement or to regulation by the public service commission.

It follows that subdivision 2 of section 636 of the charter does not offend against the quoted provisions of section 16 of article 3 of the Constitution.

We are asked to say whether it appears on the face of the pleadings that the amendment is unconstitutional as taking property without compensation and denying to the plaintiff and the railroad companies the equal protection of the laws. It does not appear from the plead-

ings that the railroad companies cannot operate at a profit at the established rate and it does appear that all street surface railroad companies operating in the city of Rochester are treated alike. This question should also be answered in the negative. (*Barbier* v. *Connolly*, 113 U. S. 27, 32.)

The order should be affirmed, with costs, and both questions answered in the negative.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDE-BACK and CARDOZO, JJ., concur; HOGAN, J., dissents.

Order affirmed.