Dow VROMAN and ABRAHAM WEIL, Individually and as Members of and Constituting the Board of Elections for Niagara County, New York, Respondents, v. NORMAN D. FISH, County Judge of Niagara County, Defendant, Impleaded with THOMAS T. FEELEY and BURT A. DUQUETTE, County Clerk and District Attorney, Respectively, of Niagara County, Appellants.

Fourth Department, January 9, 1918.

Constitutional law — chapter 202 of the Laws of 1917 amending Election Law in relation to commissioner of elections of county of Niagara — purpose of provision of Constitution that no private or local bill shall embrace more than one subject — essential contents of title of bill — general or special city law, what constitutes — who may attack constitutionality of statute.

Chapter 202 of the Laws of 1917, entitled " An act to amend the Election Law, in relation to commissioner of elections in the county ,of Niagara," is not unconstitutional upon the ground that it violates section 16 of article 3 or section 2 of article 12 of the Constitution.

The purpose of section 16 of article 3 of the Constitution, providing that " No private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title," was to prevent concealing in the body of a local statute a foreign subject not germane to that mentioned in the title and so unrelated thereto as to cause surprise upon its discovery.

If the title of a local law expresses a general purpose or object all matters fairly and reasonably connected therewith and all measures which will or may facilitate the accomplishment of such purpose or object are properly incorporated into the act and are germane to the title.

It is not necessary to set forth in the title the various details of the object or purpose to be accomplished by the bill. It is sufficient if the title expresses its general purpose.

Chapter 202 of the Laws of 1917 concerns the whole State as regards its general elections, and the county of Niagara in particular. Its operation and effect upon the three cities in said county is incidental only and does not affect the municipalities as such. Hence, it does not violate section 2 of article 12 of the Constitution upon the ground that it relates to the property, affairs or government of the cities in said county and was not after its passage by the Legislature submitted to the mayor and common council of said cities as " special city laws " are required to be submitted.

Even if said statute does violate section 18 of article 3 of the Constitution, which prohibits the Legislature from passing a " private or local bill * * * designating places of voting," this is not a question in which members of the board of elections for Niagara county are interested or which they are entitled to have decided, as the invalidity thereof would not enable them to continue to hold their offices. This, because said part of the statute is not essential to the operation of the other portions thereof and if pronounced invalid the remainder will not fall with it.

APPEAL by the defendants, Thomas T. Feeley and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Niagara on the 1st day of October, 1917, upon the decision of the court after a trial before the court without a jury.

The judgment decreed that chapter 202 of the Laws of 1917, entitled " An act to amend the Election Law, in relation to commissioner of elections in the county of Niagara," was unconstitutional and void and enjoined and restrained the defendants from appointing a commissioner of elections, or doing any act or thing pursuant to said statute.

The appellants further give notice of an intention to bring up for review an order entered in said clerk's office on the 2d day of June, 1917, continuing the injunction herein and also to review the original injunction order granted on the 23d day of April, 1917.

*A. A. Bradley* [*Bradley, Merritt & Bradley,* attorneys], for the appellants.

*Alfred W. Gray,* for the respondents.

FOOTE, J.:

At the time this action was begun plaintiffs were the duly appointed and acting members of the board of elections for Niagara county.

They bring this action to enjoin the defendants from proceeding to appoint a commissioner of elections for said county, as chapter 202 of the Laws of 1917 directs them to do, on the ground that that statute violates the State Constitution and is wholly void. The case was submitted at Special Term upon the pleadings and the stipulation of defendants' counsel that said act was not submitted to the three cities in Niagara county as a special city law, and the judge found that the act violates section 16 of article 3 of the Constitution which is " No private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title," in that the act is local, embraces more than one subject, and that the subject is not expressed in the title. He also found that the act violates section 2 of article 12 of the Constitution because it relates to the property, affairs or government of the cities of Niagara Falls, North Tonawanda and Lockport in said county, and was not, after its passage by the Legislature, submitted to the mayor and common council of each of those cities as " special city laws " are required by that section to be submitted. Upon these findings judgment has been entered adjudging the act unconstitutional and void and perpetually enjoining the defendants from appointing a commissioner of elections or doing any act thereunder.

An examination of this act in the light of the judicial decisions giving construction to these constitutional provisions requires us to hold, as I think, that the act is valid and does not violate either.

The act is entitled, " An act to amend the Election Law, in relation to commissioner of elections in the county of Niagara." It amends chapter 22 of the Laws of 1909, being the " Election Law " (Consol. Laws, chap. 17), by inserting therein a new article to be article 7-b. It creates the office of commissioner of elections in that county and confers upon such commissioner all the rights, powers and duties theretofore vested in any other officer or officers of the county or

of any of its political subdivisions relating to elections, with certain exceptions as to local and special elections held at other times than a general election. It provides that the commissioner shall be appointed within five days after the act takes effect by the county judge, county clerk and district attorney of the county, or a majority of them, who are respectively the defendants in this action. These officers are also to fill vacancies and appoint successors upon the expiration of the five-year term of office of the commissioner. These county officers have no other powers or duties under the act. Upon the appointment and qualification of the first commissioner, the board of elections is abolished. It provides that article 7 of the Election Law, which relates to boards of elections, shall not apply to the county of Niagara, except section 199, relating to police aid. In general it vests in the commissioner all the powers and duties prescribed by article 7 of the Election Law for boards of elections, and, in addition, confers upon him the powers theretofore exercised by other officers or boards of the county to appoint, upon the recommendation of the chairmen of the county committees of the two principal political parties, inspectors of election, poll clerks and ballot clerks; also the power to purchase voting machines when authorized by the local authorities; he is to fix the polling places for each primary district and the polling places for registration and election in each election district, and to create, alter or divide the various political subdivisions of the county into election districts in the manner provided in sections 296 and 419 of the Election Law.* The act provides that the said new article shall not apply to elections held in cities, towns or villages where the elections are held at a time other than the time of general elections. There are other provisions defining the powers and duties of the commissioner, not necessary to be stated for an understanding of the scope and purpose of the act.

Plaintiffs' principal contention is that the act being local embraces more than one subject, or that the subject is not sufficiently expressed in the title. In support of this con-

---

* Amd. by Laws of 1916, chap. 537. See, also, Laws of 1917, chap. 703, amdg. § 296. — [REP.

tention it is pointed out that the act: 1. Abolishes the board of elections. 2. Creates a commissioner of elections. 3. Takes from the three cities of the county: (a) The appointment of election officers. (b) The right to divide their territory into election districts. (c) The right to fix their own polling places. (d) The custody of their voting machines and other election paraphernalia. 4. Vests all these rights in the election commissioner. 5. Takes from the board of supervisors the power of apportioning between the various municipalities of the county the election expenses and gives this power to the election commissioner.

Plaintiffs say that each is a separate subject. If this be so, and the act is local, then it would require five separate statutes to enact them into law. They could not be combined into one act even if all the so-called separate subjects were named in the title. This would go beyond the intent of the Constitution and is too narrow an interpretation of its meaning. Its object is to prevent concealing in the body of a local statute a foreign subject not germane to that mentioned in the title and so unrelated thereto as to cause surprise upon its discovery; a subject which appears out of place in the act and as if placed there without being mentioned in the title to mislead or deceive those who might be interested to oppose its adoption. This act is not of that character. The powers and duties it confers upon the commissioner of elections and takes from other local officers are such as it might reasonably be expected a commissioner of elections should have and such as are proper and needful to the orderly and efficient regulation of the conduct of the elections. It deals with only one subject, namely, a commissioner of elections for Niagara county in connection with the Election Law.

It has been held many times that the object of this constitutional requirement is that legislators and the public may be informed by the title of the general nature of local laws proposed to be enacted and to prevent deception. (*Economic Power & Construction Co.* v. *City of Buffalo,* 195 N. Y. 286, and cases cited and reviewed in the opinion of Judge CHASE.)

It is also settled that if the title of a local law expresses a general purpose or object, all matters fairly and reasonably

connected therewith and all measures which will or may facilitate the accomplishment of such purpose or object are properly incorporated into the act and are germane to the title. (*Astor* v. *Arcade R. Co.*, 113 N. Y. 93; *People ex rel. Village of Brockport* v. *Sutphin*, 166 id. 163; *People ex rel. Devery* v. *Coler*, 173 id. 103.)

It is not necessary to set forth in the title the various details of the object or purpose to be accomplished by the bill. It is sufficient if the title expresses its general purpose. (*People ex rel. Corscadden* v. *Howe*, 177 N. Y. 499; *People ex rel. Davies* v. *Commissioners of Taxes of N. Y.*, 47 id. 501; *Wrought Iron Bridge Co.* v. *Town of Attica*, 119 id. 204.)

In *Devlin* v. *Mayor* (63 N. Y. 8) it was said: " The title need not be an abstract of the act, disclose its details, or declare the machinery or modes of procedure by which the act is to be carried into effect and its object accomplished. The subject of an act is that concerning which it is enacted. * * * If the title of an act fairly and reasonably discloses what the legislation concerns, or the matter with which it deals, and indicates its purpose, the constitutional requirement is complied with."

The title of this act is not misleading or deceptive. It indicates that the Legislature was dealing with the subject of a commissioner of elections, which was notice in itself that such commissioner would be vested with adequate powers such as the Legislature might consider appropriate. The title sufficiently advises all persons interested in the conduct of elections in that county of the general subject dealt with. The details of the act are not separate subjects since they are germane to the general subject of the powers and duties of the commissioner of elections. There are many authorities to this effect, some of which I cite: *People ex rel. Devery* v. *Coler* (*supra*); *People ex rel. Village of Brockport* v. *Sutphin* (*supra*); *People ex rel. Gere* v. *Whitlock* (92 N. Y. 191); *Kerrigan* v. *Force* (68 id. 381); *People ex rel. Dee* v. *Backus* (11 App. Div. 147; affd., 153 N. Y. 686).

The Election Law which this act amends is a general law. As originally enacted by chapter 22 of the Laws of 1909, it provided (Arts. 7-11) for a board of elections in cities of the first class containing one or more counties (the city of New

York), and for a single commissioner of elections in each of the counties of Erie, Monroe, Onondaga and Westchester. It vested in the individual commissioners respectively of the counties named powers and duties similar in some respects to those of this Niagara county act.

Thus the office of commissioner of elections is not a new office and we must assume that the practice of administering the Election Law by means of a single commissioner in different counties was well understood by the Legislature and the people and that the words " commissioner of elections " used in the title of the bill would be understood and were not likely to mislead or deceive as to the nature of the bill.

The learned justice at Special Term (100 Misc. Rep. 613) cites the cases of *People ex rel. Corscadden* v. *Howe* (177 N. Y. 499); *Cahill* v. *Hogan* (180 id. 309) and *Economic Power & Construction Co.* v. *City of Buffalo* (195 id. 286) as authorities requiring or justifying the condemnation of this act. But the acts condemned in those cases had titles which were held to be misleading and deceptive, as was pointed out by Judge POUND in his opinion in *Willis* v. *City of Rochester* (219 N. Y. 427), and he distinguished those cases by saying: " The title here [the *Willis* case] complained of does not attempt to specify in what particulars the charter is to be amended, and it does not thus divert attention from a foreign purpose concealed in the bill and not germane to the expressed purpose," citing the *Corscadden* and the *Cahill* cases.

As to the *Economic Power Company* case, he said that the act there in question " was held to have a title delusive, deceptive and misleading."

We think the act in question here is not, as already stated, open to the objection that it is deceptive or misleading.

The learned justice at Special Term also decided in his findings that the act in question is one relating to the property, affairs or government of the cities of Niagara Falls, North Tonawanda and Lockport, and as it was not submitted to the mayor and common council of each of those cities in compliance with the provisions of section 2 of article 12 of the Constitution it violates the prohibition of that section and for that reason is void. He did not, however, consider that

question in his opinion, nor does the learned counsel for the respondents cite any authority upon the question.

We are of opinion that the act in question is neither a general nor a special city law within the meaning of this constitutional provision. It is a law which concerns the whole State as regards its general elections and the county of Niagara in particular. Its operation and effect upon the three cities in that county is incidental only and does not affect the municipalities as such. Its effect is rather upon the voters resident in those cities. It does not even affect the local elections in those cities held at other times than a general election, and it does not touch the government, property or affairs of those cities as cities.

The learned counsel for the respondents seeks to support the decision below upon the further ground that the act violates section 18 of article 3 of the Constitution which prohibits the Legislature from passing a " private or local bill * * * designating places of voting." No such ground of invalidity is alleged in the complaint, nor did the court below make any finding upon that subject, nor was any such finding requested.

If the act does violate this section, still we think it is not a question in which the plaintiffs are interested or which they are entitled to have decided. That part of the act is not essential to the operation of the other portions of the act, and if pronounced invalid, the remainder of the act would not fall with it. (*People ex rel. Dee* v. *Backus*, 11 App. Div. 147; affd., 153 N. Y. 686; *People ex rel. City of Rochester* v. *Briggs*, 50 id. 553.)

" Before a law can be attacked by any person on the ground that it is unconstitutional, he must show that he has an interest in the question in that the enforcement of the law would be an infringement of his rights." (6 Ruling Case Law, 89, § 87, and cases there cited.) Hence, as the whole act would not be defeated and as the invalidity of this part of the act would not enable plaintiffs to continue to hold their offices, they are not entitled to ask the courts to decide that question. (*Stewart* v. *Kansas City*, 239 U. S. 14.)

We are thus led to the conclusion that the judgment below is erroneous and that the plaintiffs are not entitled to any

relief in this action, without considering the question, which was discussed in the opinion below and is elaborately argued here, as to whether an action in equity will lie for the relief which the plaintiffs seek, since, as is claimed, they have an adequate remedy at law.

The judgment of the Special Term should be reversed and the complaint dismissed, with costs.

All concurred.

Judgment reversed and complaint dismissed, with costs.