■ EXEMPT FIREMEN'S ASSOCIATION OF THE CITY OF NEW ROCHELLE, Appellant, v. CITY OF NEW ROCHELLE, NEW YORK, et al., Respondents.— In an action for a declaratory judgment, the appeal is (1) from so much of an order as denied appellant's motion for summary judgment striking out the answers of respondents and as granted respondents' motion for summary judgment dismissing the complaints, and (2) from so much of the judgment entered on said order as adjudges that respondents have judgment dismissing the complaints. Appellant, a benevolent corporation, was incorporated by chapter 485 of the Laws of 1903. Section 6 of that act provided that all the tax on the business of foreign fire insurance companies doing business within the City of New Rochelle (payable under the then § 133, now § 553, of the Insurance Law) shall be paid to appellant, except the sum payable to the Firemen's Association of the State of New York. By chapter 559 of the Laws of 1910, entitled "An Act to provide a charter for the city of New Rochelle", not only was a new charter enacted for the City of New Rochelle and the 1899 charter repealed, but section 6 of the act incorporating appellant was also repealed. Despite the 1910 repeal of the section giving appellant the right to receive payment of the tax moneys mentioned, they were paid to appellant until 1957. In this action against the City of New Rochelle and one representing the paid firemen of said city, appellant seeks, among other things, to recover the tax moneys for the year 1957 which were paid by the State Insurance Department to the Treasurer of the City of New Rochelle, instead of to appellant, on discovery of the 1910 repeal. Order and judgment insofar as appealed from reversed, with $10 costs and disbursements, appellant's motion granted, and respondents' cross motion denied, with $10 costs to appellant. Section 16 (now § 15) of article III of the New York State Constitution provided that no private or local bill shall embrace more than one subject, and that shall be expressed in the title. The 1910 act was a local bill within the meaning of the Constitution. The title of the act expressed as its only purpose the enactment of the new charter, whereas the substance of the act embraced not only the new charter, but the repeal of section 6 of chapter 485 of the Laws of 1903. The 1910 act embraced more than one subject, and the second subject was not expressed in the title. The 1910 act is therefore unconstitutional insofar as it attempted to repeal the right of appellant to receive the tax moneys. (*Cahill* v. *Hogan,* 180 N. Y. 304; *Matter of*

*City of Rochester* v. *Bloss,* 77 App. Div. 28, affd. 173 N. Y. 646; *Tommasi* v. *Archibald,* 114 App. Div. 838; *Kennedy* v. *Le Moyne,* 188 Ill. 255.) Beldock, Acting P. J., Hallinan and Kleinfeld, JJ., concur; Murphy and Ughetta, JJ., dissent and vote to affirm the order and judgment, with the following memorandum: By virtue of the provisions in section 553 of the Insurance Law and predecessor statutes, the Treasurer of the City of New Rochelle was entitled to receive, for the benefit of its fire department, 90% of taxes imposed on premiums received by foreign fire insurance companies for insurance on property within the city, in the absence of a treasurer of its fire department or designation of another person in any special law. In the Charter of the City of New Rochelle adopted in 1910, repeal of a 1903 special law was effected insofar as it was therein provided that the tax moneys go to the appellant. The result is that, in the absence of a fire department treasurer, the moneys go to the fiscal officer of the city whose duty it is to apportion and to pay over such moneys to the treasurer of the fire company or companies whose obligation it is to render fire protection in the city, and to no one else. The repealer in the city charter is not violative of the State Constitution (N. Y. Const., art. III, § 15) as embracing more than one subject. It might reasonably be expected that there would be found in the charter a provision implementing placement of available funds within the control of the city (*Burke* v. *Kern,* 287 N. Y. 203, 213; *Knapp* v. *Fasbender,* 1 N Y 2d 212, 233). The repealer was no more foreign to the natural objectives of the charter than was the regulation of the fare of a street railroad contained in an amendment to the Charter of the City of Rochester (*Willis* v. *City of Rochester,* 219 N. Y. 427, 432–434).