THE PEOPLE *ex rel.* JAS. B. McMINN, Appellants, *v.* HENRY HASKELL, Respondent.

5 357
80 269

The thirty-ninth section of the Act concerning Courts of Justice, provides that, " the Clerk of the Superior Court shall be elected at the next municipal election of the City of San Francisco, and thereafter every two years, by the legal electors of the City of San Francisco, and shall hold his office for the term of two years from and after his election." At the time of the passage of this Act, the municipal and general State elections were held on the same day in September. The fourth section of the Amended Charter of San Francisco provides, that the municipal election shall be held on the fourth Monday in May in each year, and at an election held at this time, the relator was elected. *Held,* that by the thirtieth section of the Amended Charter, the Legislature intended that the Clerk of the Superior Court should be elected at the municipal election, on the fourth Monday in May, and the relator was therefore properly elected.

*Held,* further, that the relator is entitled to the office at the expiration of the two years from the date of the defendant's election.

The Legislature possesses the power to alter or abridge the term of office of purely legislative creation.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

The opinion of the Court contains the facts.

*J. R. McConnell,* Attorney-General, and *Jo. G. Baldwin,* for the Relator.

Cited—The Amended Charter of the City of San Francisco and Compiled Laws, p. 741, § 30. Smyth *v.* Latham, 9 Bingh., 692. Ex parte Hennen, 13 Pet., 230. 2 Ib., 412. 1 Baldw. C. C. R., 74. 1 McLean, 467. 4 Wheat., 627. Commonwealth *v* Barron, 6 Serg. & R., 322. 1 Scam., 537. 2 Bailey, 524. 4 Penn., 49. The State *v.* Dennis, R. M. Charlton's R., 397. Conner *v.* The City of New York, 11 Sanf., 375. Andrews *v.* The U. S., 2 Story, 202. 11 Leigh., 42. 11 Pet., 620. 3 Sanf. Ch., 625.

*G. F. & W. H. Sharp,* for Respondent.

Cited no authorities.

MURRAY, C. J., delivered the opinion of the Court. BRYAN, J., concurred.

The thirty-ninth section of the Act concerning Courts of Justice, Compiled Laws, p, 741, provides that, "The Clerk of the Superior Court shall be elected at the next municipal election of the City of San Francisco, and thereafter every two years, by the legal electors of the City of San Francisco, and shall hold his office for the term of two years from and after his election."

At the time of the passage of this Act, the municipal as well as the general State election, was held upon the same day, in September, on which the respondent was elected.

"The Amended Charter of the City of San Francisco," passed in April, 1855, provides, in the fourth section, that there shall be elected in and for the City of San Francisco, and for the government of the same, a Mayor, (who shall be, *ex officio*, Recorder,) a Controller, Marshal, Surveyor, and Attorney, Treasurer, Tax Collector, and one Assessor for each ward,—who shall hold their offices for one year, and until their successors are elected and qualified. The municipal election shall be held on the fourth Monday in May in each year, on which day all officers to be elected for the whole city, shall be voted for on a general ticket, by the qualified electors thereof, the officers receiving the highest number of legal votes cast for each office shall enter upon the duties of their respective offices on the first Monday of July following.

At the election so holden, the relator was elected.

The questions involved are, First—was the relator elected at the proper time; and, Second—if so, at what time is he entitled to enter upon the duties of the office?

It is evident, upon an examination of the thirtieth section, that the Legislature intended that the Clerk of the Superior Court should be elected at the charter, or municipal election.

This construction is strengthened by the fact that the machinery for an election by the qualified electors of the City of San Francisco, is unprovided for, except in the case of municipal elections, and the Superior Court of San Francisco being a municipal Court, and the Clerk a municipal officer, it would be most appropriate that he should be elected, at the same time with the other city officers.

Such being the case, it was perfectly competent for the Legislature to alter or change the time of holding said election, which was done by the Act of April, 1855, requiring the election to be held on the fourth Monday of May in each year.

With regard to the time at which the relator is entitled to enter upon the duties of the office, we entertain no doubt that the Legislature possesses the power to alter or abridge the term of an office of purely legislative creation. But in this case, we do not think that it was the intention to do so. The fourth section of the Charter of San Francisco, above quoted, enumerates the officers; and the rule " *expressio unius est exclusio alterius*," applies to the time when said officers are qualified to enter upon their respective offices.

We are therefore of opinion that the Act of 1855 only altered the time of holding the election; that the relator was properly elected; and that he is entitled to the office at the expiration of the two years from the date of the defendant's election.

Judgment affirmed.