PEOPLE ex rel. MITCHELL v. STURGES.

(Supreme Court, Special Term, Saratoga County. November 27, 1897.)

1. CONSTITUTIONAL LAW—PUBLIC OFFICERS.
   Laws 1895, c. 247, § 4, directing the trustees of the village of Saratoga Springs to elect a president of the village, upon whose election the term of the person then in office, which had not expired, should cease, is not repugnant to Const. art. 1, § 1, forbidding the deprivation of a right or privilege "unless by the law of the land," etc.

2. SAME—SHORTENING TERM OF OFFICE.
   Nor, by providing for the selection of an incumbent for an office not vacant, does it violate Const. art. 10, §§ 5, 7, 8, relating to the creation of, and filling vacancies in, offices.

3. SAME—MODE OF SELECTING SUCCESSOR.
   Nor is it unconstitutional because it provided for the "election" of a president by the trustees, instead of an "appointment" by them, as prescribed by Const. art. 10, § 2.

Quo warranto on the relation of Caleb W. Mitchell against Charles H. Sturges to try title to office. Dismissed.

Theodore E. Hancock, Atty. Gen. (Charles Haldane, of counsel), for plaintiff.

A. W. Shepherd (C. H. Sturges, of counsel), for defendant.

McLAUGHLIN, J. In March, 1894, the relator, under a statute then in force, was elected for a term of two years to the office of president of the village of Saratoga Springs. He qualified, and entered upon and continued to discharge the duties of the office until the first Monday of May, 1895, when the board of trustees of the village, acting in pursuance of and in conformity with section 4 of chapter 247 of the Laws of 1895, "elected" the defendant to the same office, and he, to the exclusion of the relator, took, and since has retained, possession of the office, and discharged the duties relating to it. The relator has instituted this action, in the nature of a quo warranto, for the purpose

of trying defendant's title to the office. That portion of the act of 1895, so far as it relates to the question here involved, provides that:

"The board of trustees shall, upon the first Monday in May in the year 1895, and upon the first Monday in April in each odd numbered year thereafter, assemble at the place provided for the meeting of the board of trustees in said village and shall proceed to elect some suitable person * * * to the office of president of the village; and the president so elected shall hold his office for two years and until his successor is duly chosen and qualified * * *. Upon the election of a president of the village pursuant to this section, the term of office of the present president shall cease and determine."

The relator insists that this statute is void, in that it violates certain sections of the constitution of the state of New York: (1) That it violates section 1 of article 1, which guaranties that one shall not be deprived of a right or privilege "unless by the law of the land or the judgment of his peers." (2) That it violates sections 5, 7, and 8 of article 10, in relation to the creation of, and filling vacancies in, offices, in that it provides for the selection of the incumbent for an office not vacant at the time the selection is made. (3) That it violates section 2 of article 10, which provides that:

"All city, town and village officers whose election or appointment is not provided for by this constitution shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities as the legislature shall designate for that purpose."

The act in question cannot, in my opinion, be successfully assailed upon any of the grounds mentioned. The relator has not been deprived by it of a "right or privilege," within the meaning of, or contrary to, the provisions of the constitution. He had no "right or privilege" to the office, or with reference to the duties connected with it, at the time the defendant was appointed. The office was created by an act of the legislature, not for the relator, but for the public good; and, when the public good required, the legislature had as much power to change the term, or even to abolish the office itself, as it had to create it in the first instance. All the power possessed by the people in their sovereign capacity, except that reserved in the constitution, has been delegated to the legislature. That body, under the constitution, is made the guardian of the public peace, and, in the exercise of the power committed to it, can make and unmake laws as the public good may require. It may therefore, subject only to constitutional restrictions, do what it thinks best with a public office or a public officer. Koch v. City of New York, 152 N. Y. 75, 46 N. E. 170. All statutory offices are taken subject to legislative action.

But it is urged that the statute is unconstitutional, since it, in effect, legislated the relator out of office, without abolishing or making any change in the office itself. Assuming this to be true, that does not render the statute invalid, for reasons already assigned. The legislature had this power, if it saw fit to exercise it. In this connection my attention has been called to the case of Hoke v. Henderson, 15 N. C. 1, which sustains the relator's contention in this respect, but it is not the law of this state. The doctrine enunciated in Hoke v. Henderson seems to me to be most pernicious in principle, and it was distinctly repudiated in this state in the case of Conner v. City of New York, 2

Sandf. 355, and affirmed by the court of appeals in 5 N. Y. 285. I have been unable to find a single authority which follows or approves of the principles laid down in Hoke v. Henderson. The doctrine, on the contrary, seems to be well settled, not only in this but in nearly all of the other states of the Union, that, so far as a legislative office is concerned, unless there be some restriction in the constitution, the legislature may, without abolishing the office, before the expiration of the term of the incumbent, shorten his term, or legislate him out of office. Long v. Mayor, etc., 81 N. Y. 425; People v. Whitlock, 92 N. Y. 191; Attorney General v. Jochim, 99 Mich. 358, 58 N. W. 611; Taft v. Adams, 3 Gray, 126; State v. Douglas, 26 Wis. 428; State v. Davis, 44 Mo. 129; People v. Haskell, 5 Cal. 357; Attorney General v. Squires, 14 Cal. 12. Thus, in Long v. Mayor, etc., supra, the plaintiff was elected and qualified as an alderman of the city of New York in 1869, under a statute which fixed his term of office at two years, commencing on the 1st of January following. He served until the first Monday in June, 1870, when he was superseded by an alderman elected in May of that year under the provisions of chapter 137 of the Laws of 1870. It was there urged, as here, that the act of 1870 was unconstitutional, inasmuch as it, in effect, legislated Long out of office, and put another in his place, without in any way changing the office itself. But the court held that this did not render the act unconstitutional; that the office was created and its term fixed by the legislature, and therefore that body had the power to do with it as it saw fit. And in People v. Whitlock, supra, the relator was elected to the office of police commissioner of the city of Syracuse under a statute passed in 1869, which fixed his term of office at two years. In 1881 an act was passed repealing certain provisions of the act of 1869, and conferring power upon the mayor of that city to appoint the police commissioners upon the expiration of the term of office of any of the present commissioners, and also authorizing him to remove from office any commissioner that he might see fit, "for any cause deemed sufficient to himself." Acting under this statute, the mayor, without notice, removed the relator before the expiration of his term of office, and appointed the defendant in his stead. The court held that the act was valid; that "the office was created by the legislature, and they might abridge its term by express words, or specify an event upon the happening of which it should end."

Finally, it is said that the act violates section 2 of article 10 of the constitution, because it provides for the "election" of a president by the trustees, instead of an "appointment" by them. This criticism does not seem to me to have any valid force. The intent of the legislature is apparent. The word "elected" is used in the statute in the same sense in which the word "appointed" is used in the constitution, and such should be the effect given to it. A statute ought not to be declared unconstitutional except in a very clear case. The great duty devolving upon the judiciary, to pronounce invalid a legislative act, should be exercised with extreme caution. I do not, however, understand that the question presented is now an open one. In the case of Sturgis v. Spofford, 45 N. Y. 446, the statute there under considera-

tion provided that three commissioners of pilots should be "elected" by members of the chamber of commerce, and the other two by the president and vice president of the marine insurance companies of the city of New York, represented by the board of underwriters of that city. The statute was resisted as unconstitutional upon the identical ground here taken,—that the legislature had no right to provide for the "election" of the officers in question otherwise than by the ordinary mode of voting by the people. The court of appeals, however, declared that the mode prescribed by statute for selecting these officers was in legal effect an appointment, and came within the meaning of that word as used in the constitution, and that, although the word "elected" was used in the statute, it could not be supposed "that the legislature intended it in any such sense as the word is used in the constitution, or as the result of a choice by the ordinary mode of voting by the people." This is decisive of the question here presented.

I am of the opinion that the legislature had the power to pass the act in question, and therefore the complaint should be dismissed.