HARRY J. BAREHAM, Plaintiff, v. THE CITY OF ROCHESTER and Others, Defendants.

Supreme Court, Monroe County, February 3, 1927.

Municipal corporations — validity of amendments to Rochester city charter (Laws of 1907, chap. 755) pursuant to City Home Rule Law (Laws of 1924, chap. 363) — provisions in local law as to elections invalid — provision as to taxation and as to term of office of city assessors valid — provision prohibiting filling of appointive office by person who has held elective office within one year is invalid — invalid parts of local law are severable — valid parts of local law together with other existing laws afford appropriate authority to city.

Neither the Home Rule amendment to the State Constitution nor the City Home Rule Law (Laws of 1924, chap. 363) confers power on individual cities of the State to pass laws or make rules with reference to elections. The Constitution provides two methods for the selection of public officers, one by election and the other by appointment. Accordingly, in a local law approved by the city of Rochester which amends its charter (Laws of 1907, chap. 755), the meaning to be ascribed to the word " selection," as applied to public officers, is that the city in choosing its officers may select one of the two constitutional methods but no other. If offices are to be filled by election, the officers must be selected pursuant to the Election Law.

Although said local law provides for the levying of two taxes in one year, to all intents the first tax must be regarded as the 1928 tax, while the second tax, which is not to be collected until 1929, must be regarded as the 1929 tax; there is authority for the proper assessment and collection of the taxes under the local law in conjunction with certain surviving sections of the old city charter.

If the assessors are moved to deny a grievance day to the taxpayers in 1928, an application to the court invoking the provisions of the Rochester city charter, section 188, subdivision 1, will result in an order compelling them to perform their plain duty in this respect.

The provisions of the local law cutting short the term of office for which the city assessors were duly elected are not invalid, for the right of a public officer to retain his office during the term for which he was elected is not absolute.

But section 95 of the local law, which prohibits the filling of an appointive position by any person who, within one year prior to the date of such appointment, held an elective office in the city, is invalid, for, in addition to being general in its scope and prescribing no condition which could be deemed a qualification, it sets up an arbitrary and unreasonable exclusion.

Since the invalid parts of the local law are severable from the valid, the valid parts thereof must stand, and said valid parts of the local law, the State law, and the unrepealed portions of the city charter afford appropriate authority for the lawful and continuous exercise by the city of all its functions.

ACTION to have charter of city of Rochester declared illegal.

*Sutherland & Dwyer,* for the plaintiff.

*Clarence M. Platt* and *George Y. Webster,* for the defendants.

*Isaac Adler,* for City Manager League, as *amicus curiæ.*

THOMPSON, J. In reliance upon the authority to be found in the City Home Rule Law (Laws of 1924, chap. 363 as amd., entitled " An Act enabling cities to adopt and amend local laws  *  *  * " ), the common council of the city of Rochester has proposed, and a referendum has approved, amendments to its charter, both by way of repeal and addition, to take effect January 1, 1928. The City Home Rule Law was passed by the Legislature by virtue of the Home Rule Amendment to the State Constitution (Art. 12, §§ 2, 3, 4, 5, 6, 7) and approved by the people at the general election held November 6, 1923. In effect the Constitution in these sections now declares that the Legislature will only pass general laws applying alike to every city so far as the property, affairs or government of a city are concerned (Art. 12, § 2) and vests these powers, so taken from the Legislature, in each city for itself, to be exercised by way of adoption and amendment of local laws, except as the same may be in derogation of the Constitution and the general laws of the State. (Art. 12, § 3.) It is to be observed that by the adoption of the so-called Home Rule Amendment to the Constitution the people did not repeal or make void section 1 of article XII and that it must be read with the amendment.

" An amended Constitution ' must be read as a whole and as if every part had been adopted at the same time and as one law, and effect must be given to every part of it, each clause explained and qualified by every other part.' " (*People ex rel. Killeen* v. *Angle,* 109 N. Y. 564.)

The plaintiff claims that this new charter (hereafter termed local law) offends the Constitution and various State laws, and that it is, therefore, invalid, and brings this action to have it declared illegal and void. The first challenge of plaintiff to the validity of the law is in relation to certain provisions claimed to be in contravention of the Election Law of the State. The Constitution provides two methods for the selection of public officers; one by election, and the other by appointment, and in this view, it must be held that the meaning to be ascribed to the word " selec-

tion " as applied to this subject in the local law is, that the city, in choosing its officers, may select one of these two methods, but no other. If they determine that the offices shall be filled by election, such officers must be elected in pursuance to the Election Law. (*People* v. *Dooley*, 171 N. Y. 74, 83.)

Neither the Home Rule Amendment nor the Home Rule Law confers power on the individual cities of the State to pass laws or make rules with reference to elections; on the contrary, the Constitution expressly gives to the Legislature exclusive authority to make all laws necessary for the conduct of elections. (State Const. arts. II, X, § 2.)

" The Legislature shall not pass a private or local bill in any of the following cases:  *  *  *  The opening and conducting of elections or designating places of voting." (Const. art. III, § 18.)

So it is that by intendment also, power to make legislation upon the subject of elections is retained by the Legislature by force of article 12, section 3, of the Home Rule Amendment, which provides that each city shall have power to adopt and amend local laws not inconsistent with the Constitution and the laws of the State, and not in contradiction of any general law in relation to the property, affairs or government of cities, which in effect apply to all alike. (*Schieffelin* v. *Berry*, 217 App. Div. 451.)

The city of Rochester cannot pass a valid local law which transcends the Constitution of the State or a general statute, and so far as its provisions are found to be in conflict with the Constitution or with the provisions of the Election Law, it is void and of no effect.

For the Election Law is a general law; it concerns the whole State, and it does not touch the government, property or affairs of cities. (*Vroman* v. *Fish*, 181 App. Div. 502, 509.)

While no statutory support for sections 33, 34 and 35 of the local law can be found, the City Home Rule Law, giving effect to the presumption of the validity of statutes required by law (6 R. C. L. 72) and following the rules of interpretation provided for both Constitution and statutes (2 McKinney's Consol. Laws, 29), these sections cannot be said to be void. The Home Rule Amendment specifically provides that cities may now pass local laws relating to the " government and regulation of the conduct of its inhabitants and the protection of their property, safety and health." (Art. XII, § 3.) This in effect vests in each city power to adopt ordinances, and to provide by local law the manner and means of doing so. " Whatever is necessary to render effective any provision of a Constitution, whether it is a grant, restriction or pro-

hibition, must be deemed implied and intended in the provision itself." (*Matter of Fraser* v. *Brown*, 203 N. Y. 136.)

True the City Home Rule Law does not in terms confer this power; on the contrary it preserves to the local legislative body of the city the " rights, privileges, powers and jurisdiction now conferred on it by law " (which includes authority to make ordinances), but only *until* such rights, privileges, powers or jurisdiction shall " by local law or state statute, be abolished, transferred or changed." (City Home Rule Law, § 10.) However, in no event is legislative recognition of a power clearly conferred by the Constitution necessary; in such case the authority is to be taken directly from that instrument. " Accordingly the presumption now is that all provisions of the Constitution are self-executing;" not requiring legislation. (6 R. C. L. 58.) It is also urged that the provision for a referendum of local laws in the City Home Rule Law is exclusory, and that thus cities are foreclosed of this method of adopting ordinances or settling other questions. It may be suggested in answer that the Legislature's omission of such provision indicates their opinion that it was not in their province, but solely a power of the cities, to be exercised or not as they should choose. It is also contended that such a procedure is not in keeping with the usual and approved method of passing ordinances by cities. To this let it be said that it cannot as matter of law be said to be opposed to the spirit, interest or purpose of the Constitution (*Gautier* v. *Ditmar*, 204 N. Y. 20) or unreasonable, or likely to work public mischief (*People ex rel. Everson* v. *Lorillard*, 135 id. 285), and that it is no more incongruous here than in connection with the adoption of local laws, in which case it is made compulsory by law. (Home Rule Law, §§ 15, 16.) " The practice of adopting legislation to become operative only upon its approval by a majority of the qualified electors of the specified locality to which it applies, has the sanction of this court." (*Matter of McCabe* v. *Voorhis*, 243 N. Y. 401.)

Persuaded by these considerations I reach a conclusion that sections 34, 35 and 36 of the local law are valid, and in like manner the same is held in reference to section 33.

The plaintiff charges that there is no adequate provision of law for the valid assessment and collection of the city tax for the year 1928, in that there is contemplated the levy and collection of two taxes in that year, and further that no provision is made for a grievance day. Giving effect to the presumption that a public officer will keep his oath and do his duty, and recognizing the difficulties attendant upon such a fundamental change in the method of assessment and collection of taxes as is contemplated

by the local law, there is, I think, taking the local law and certain surviving sections of the old charter together, an authority for the proper assessment and collection of this tax. (Rochester City Charter [Laws of 1907, chap. 755], § 188, subd. 1.)

It is obvious that, although the law as it stands provides for the levying of two taxes in one year, to all intents and purposes the first tax must be regarded as the 1928 tax, while the second tax, which is not to be collected until 1929, is the 1929 tax. If the assessors for any reason are moved to deny a grievance day to the taxpayers in 1928, an application to the court invoking the provisions of subdivision 1 of section 188 of the present charter would, I think, result in an order compelling them to perform their plain duty in this respect. In the succession of a new form of rules for taxation, and the graduation of the old system into the new, adequate and practical allowance must be made for these difficulties of change and adjustment that experience teaches are sure to arise in such cases, and which must be surmounted in order that a proper administration of the public affairs shall not fail or falter, and in such connection presumption and intendment in favor of legal and appropriate provision therefor must be indulged in by the courts. The authority of the city with reference to taxation is almost unlimited. It may even impose double duties, and lay taxes beyond the capacity of the property to bear. (*Woodruff* v. *Oswego Starch Factory*, 177 N. Y. 23; *People* v. *Home Insurance Co.*, 92 id. 328; affd., *sub nom. Home Ins. Co.* v. *New York*, 119 U. S. 129; 134 id. 594.) It follows that it must be held that the provisions of law necessary to a legal assessment and collection of the tax for the year 1928 are valid and sufficient.

It is also asserted by plaintiff that the provisions of the local law, cutting short the term of office for which the city assessors were duly elected, is invalid. The local law in this respect must be sustained. The right of a public officer to retain his office during the term for which he was elected is not absolute. The power that fixed his term of office may change it, and he may be " legislated out " of it at any time. If the term is fixed by the Constitution, it can only be extended or abridged by the Constitution, but if it is fixed by the Legislature, the power to thus fix it includes the power to change it by shortening or lengthening it as the Legislature in its discretion may see fit. " Subject only to the restrictions of the Constitution, the Legislature may do what it thinks best with a public office or a public officer, by abolishing the office, shortening or lengthening the term thereof, increasing or diminishing the salary and the like." (*Koch* v. *Mayor*, 152 N. Y. 72; *People ex rel. Mitchell* v. *Sturges*, 21 Misc. 605; affd.,

27 App. Div. 387; affd., 156 N. Y. 580; *Matter of Metz* v. *Maddox,* 189 id. 460.)

Section 95 of the local law at paragraph 1 provides as follows: " No appointive office or position may be filled by any person who, within one year previous to the date of such appointment has held an elective office in the city." Plaintiff urges the invalidity of this law on the ground that it is arbitrary and discriminating. Without doubt it is within the power of a legislative body to prescribe certain reasonable qualifications for a candidate for an appointive office. " The imposing of a test by means of which to secure the qualifications of a candidate for an appointive office, of a nature to enable him to properly and intelligently perform the duties of such office," is a proper legislative function. (*Scott* v. *Village of Saratoga Springs,* 131 App. Div. 347.) These tests, going to the technical qualifications of a candidate for a particular office, or to his character, have been upheld by the courts. (*People* v. *Ahearn,* 196 N. Y. 221.) But the limitation contained in this sect'on can in no sense be said to be a qualification. There is no presumption, either in fact or law, that a person who has held public office is unfit to continue to hold it or to succeed to some other office. On the contrary, the presumption is that one experienced in the public service is more likely to transact the duties attendant thereon faithfully and efficiently than the inexperienced or the novice. In *People ex rel. Devery* v. *Coler* (173 N. Y. 103, 119), in which a provision of the charter of the city of New York which rendered any incumbent who might be removed from the office of police commissioner, with or without cause, ineligible for reappointment, was under review, the court in holding the statute unconstitutional, among other things, said: " The proposition that the removal of an official under such circumstances can be made to operate *per se* as a disqualification for subsequent appointment to office * * * is saved from being monstrous only by being ridiculous. Of course, the Legislature can prescribe no such disqualification." That case is distinguished and approved in the opinion of Judge HISCOCK in the *Ahearn Case* (*supra*). The rule is stated in *Matter of Callahan* (200 N. Y. 59, 61), per CULLEN, Ch. J., to be as follows: " It is true that the Legislature may prescribe *qualifications* for office where there is no constitutional provision on the subject, but it has been settled law from the earliest period in the history of our state that it cannot enact *arbitrary exclusions* from office." This proposed statute is general in its scope and prescribes no condition which can in any sense be deemed a qualification. On the contrary, it contains an arbitrary and unreasonable exclusion, which in my view, makes the section invalid.

There are other objections urged against the new charter which I do not discuss; in such instances it must be taken that the presumption as to its validity is given effect.

Taken as a whole the local law cannot be declared illegal. The void parts are severable from the valid, and the valid must stand. (*People ex rel. Alpha P. C. Co.* v. *Knapp,* 230 N. Y. 48, 60; 2 McKinney's Consolidated Laws of New York, Constitutional Interpretation, p. 35, § 20.) The parts of the law held invalid because of their conflict with the Election Law, must, of course, yield to that law, and all elections held in the city must be conducted in accordance with its provisions. It is felt that in the State law, certain parts of the old charter left unrepealed, and the valid parts of the new local law, the city has abundant and appropriate authority for the lawful, practical and continuous exercise of all of its functions.

Judgment accordingly. Submit findings on notice.