HARRY J. BAREHAM, Appellant, Respondent, *v.* THE CITY OF ROCHESTER and Others, Respondents, Appellants, Impleaded with H. ALDEN NICHOLS, as Commissioner of Elections of Monroe County, Defendant.

Fourth Department, May 4, 1927.

Municipal corporations — city of Rochester — action to test validity of local law which provides for election on petition of non-partisan common council of nine members, five elected at large and one from each of four constituted districts — taxpayer has right to maintain action, under General Municipal Law, § 51 — complaint is sufficient — Rochester Local Laws of 1925, No. 4, § 95, providing that no person shall be appointed to office who has held elective office within one year, is unfairly discriminatory and unconstitutional — provision of local law relating to selection of councilmen is authorized by City Home Rule Law (Laws of 1924, chap. 363), § 11 — local law does not interfere with operation of Election Law, art. 6 — said local law relates to property, affairs or government of city, under City Home Rule Law, § 12, subd. 2, and is also within City Home Rule Law, § 11, relating to "mode of selection * * * of all officers and employees of the city" — said local law does not conflict with State Constitution, art. 3, § 18, art. 10, § 2, or art. 12, § 1 — adoption of said local law is not prohibited by limitations found in City Home Rule Law, § 21 — art. 1 of local law does not interfere with, modify or restrict Election Law, § 50, providing for commissioner of elections in Monroe county.

This is a taxpayer's action to test the validity of local law No. 4 of the Rochester Local Laws of 1925, duly adopted under the authority of the City Home Rule Law (Laws of 1924, chap. 363) and the Home Rule Amendment to the Constitution. The local law provides for the election on petition of a non-partisan common council of nine members, five of them to be elected at large and one from each of four constituted districts.

The plaintiff, a taxpayer, has the right, under section 51 of the General Municipal Law, to maintain this action, since the "affairs and government" of the city of Rochester are directly involved, the property rights of the plaintiff and other citizens of Rochester are affected, and the plaintiff seeks to prevent "illegal official acts."

The complaint is sufficient, although it does not directly allege that the adoption of the local law will be " injurious to municipal and public interests," for the general intendment of the allegations of the complaint is to that effect.

That part of the local law which does not go into effect until January 1, 1928, is not considered or passed upon by the Appellate Division. The Appellate Division passes upon only that part of the law which is of immediate importance.

Section 95 of the local law, which provides that no person shall be appointed to office or position who has held elective office in the city within one year, is unfairly discriminatory and is unconstitutional and void.

The provisions of the local law for the selection of councilmen and the division of the city into districts are valid under section 11 of the City Home Rule Law, which grants power to the local legislative body of the city " to adopt and amend laws in relation to the property, affairs or government of the city relating to the powers, duties, * * * mode of selection * * * of all officers and employees of the city."

Article 6 of the Election Law, dealing with designation and nomination of candidates, is not violated by the local law, for there is no uniform method adopted applicable to all cities for the nomination and designation of candidates for city offices. There is no prohibition in the Election Law against dividing the city into districts for the purpose of electing certain officials by the voters of the respective districts.

Said local law does not violate sections 2 and 4 of article 12 of the State Constitution (City Home Rule Amendment), or subdivision 2 of section 12 of the City Home Rule Law, which provides that no local law shall supersede any legislative act relating to the property, affairs or government of cities, which in terms and in effect applies alike to all cities, and that no local law shall supersede a legislative act which relates to matters other than the property, affairs or government of cities, whether it applies to all cities alike or not. These provisions do not prevent the election features of the local law from being valid. The local law is not a part of the Election Law, applies only to the city of Rochester, and relates " to the property, affairs or government " of that city, and furthermore is authorized by section 11 of the City Home Rule Law, providing for local laws affecting the " mode of selection * * * of all officers and employees of the city."

The provisions of section 18 of article 3 of the State Constitution, to the effect that the Legislature shall not pass a private or local bill involving " the opening and conducting of elections or designating places of voting," has no bearing upon article 1 of the local law.

Neither the City Home Rule Law nor the local law is in conflict with section 1 of article 12 of the Constitution, the City Home Rule Amendment.

Section 2 of article 10 of the State Constitution is not violated by the local law. That section provides that all city officers, whose election or appointment is not provided for by the Constitution, shall be elected by the electors of the cities, or of some division thereof, or appointed by such authorities thereof, as the Legislature shall designate for that purpose. The Home Rule Amendment, section 3 of article 12, empowers cities to enact such local laws only as are not inconsistent with the Constitution. Article 1 of the local law does not violate section 2 of article 10 of the Constitution, since the local law provides the mode of selection of city councilmen, under the authority of section 11 of the City Home Rule Law, which is authorized by section 3 of article 12 of the Constitution (City Home Rule Amendment). Accordingly, the election and appointment of the Rochester city officers are " provided for by this Constitution." If there is any

conflict, then section 3 of article 12 of the Constitution, the City Home Rule Amendment, controls.

Article 1 of the local law does not conflict with the limitations or restrictions imposed by section 21 of the City Home Rule Law, upon the right of cities to adopt local laws. There is nothing in article 1 of the local law which is an unlawful enlargement of the powers of the city of Rochester.

Section 50 of the Election Law, providing for a commissioner of elections in Monroe county, is not affected by article 1 of the local law. Article 1 arranges details of the work of the county commissioner in the city of Rochester, but does not interfere with the work or any of his rights or duties with respect to the rest of Monroe county.

CLARK and SAWYER, JJ., dissent in part.

APPEAL by the plaintiff, Harry J. Bareham, from certain portions of a judgment of the Supreme Court, entered in the office of the clerk of the county of Monroe on the 22d day of March, 1927, upon the decision of the court rendered after a trial at the Monroe Special Term.

Appeal by the defendants, The City of Rochester and others, from certain other portions of said judgment.

*Sutherland & Dwyer* [*Eugene J. Dwyer* of counsel], for the plaintiff.

*Clarence M. Platt, Corporation Counsel,* for all defendants except H. Alden Nichols, as commissioner, etc.

*George Y. Webster,* for the defendant H. Alden Nichols, as commissioner, etc.

*Isaac Adler,* as *amicus curiæ.*

TAYLOR, J. The city of Rochester has for some time been governed under a " federal plan " charter (Laws of 1907, chap. 755, and amendments). The people elected most of the city officers; a certain number were appointed by the mayor. Amendatory of, and supplementary to, this charter, a " local law " has been passed by the common council of the city, and the electors acted upon it favorably in November, 1925. It provides for the election on petition of a non-partisan common council of nine members, five of them elected at large, and one from each of four constituted districts. The common council appoints a city manager, who appoints the heads of various city departments. Upon the manager rests the main responsibility of conducting the city government.

Sections 1 to 20, inclusive, of local law No. 4 of the Rochester Local Laws of 1925, pertaining to the nomination and election of councilmen, and section 62, by which the city is divided into four councilmanic districts, went into effect immediately upon the approval of the local law by the electors in November, 1925; the remainder of the law does not go into effect until January 1, 1928.

The plaintiff, an interested taxpayer, has brought this action to have the local law declared illegal. He also asks for an injunction restraining the authorities from carrying the law into effect. Plaintiff is qualified to bring the action. (Gen. Mun. Law, § 51; 6 R. C. L. 89, § 87.) The " affairs and government " of the city of Rochester are directly involved; the very form of government is being changed; the property rights and general civic interests of this plaintiff, as well as of all the citizens of Rochester, are affected; plaintiff seeks to prevent " illegal official acts " (Gen. Mun. Law, § 51, line 6) on the part of the city officials who are " officers " of the municipality under section 51, as distinguished from the county board of elections in *Schieffelin* v. *Komfort* (212 N. Y. 520); the alleged illegal acts threatened may be " injurious to municipal and public interests " (*Western N. Y. Water Co.* v. *City of Buffalo*, 242 N. Y. 202); and in that respect the instant case is distinguishable from the case cited. The complaint does not in terms allege that the adoption of the local law will be " injurious to municipal and public interests; " but the general intendment of the allegations is to that effect.

The local law, at Special Term, has been found valid in part, and disapproved as to some of its features. Nine sections of article 1 (dealing with the election of city councilmen) have been declared invalid because in conflict with the Election Law of the State. Some other sections were partially approved. (See 128 Misc. 642.) No injunctive relief was granted. All parties have appealed from certain parts of the judgment, except defendant Nichols, as commissioner of elections of Monroe county.

Our attention is naturally first directed to our jurisdiction, and the extent to which we should deem it advisable to go in passing upon this appeal. Our determination concerning the validity of all or any parts of this law, whatever it may be, will be in the nature of a declaratory judgment. (Civ. Prac. Act, §§ 473, 476; Rules of Civ. Prac. rules 210–214; *Board of Education of Rochester* v. *Van Zandt*, 119 Misc. 124; affd., 204 App. Div. 856; 234 N. Y. 644.) In such instances the court is vested with discretion to decline to pronounce a declaratory judgment, stating reasons. (Rules Civ. Prac. rule 212.) This discretion, it would seem, applies to the whole or any part of the relief asked.

Any judgment rendered in this action would probably be binding upon all the citizens of Rochester, although formally the action is brought by one citizen only. (Gen. Mun. Law, § 51; 23 Cyc. 1269.) At the present time it seems best to pass upon those portions of the law only which have already gone into effect or are of immediate importance. As to the remaining portions of the law, we

are refraining from deciding questions in advance of any necessity for so doing, a course which has received approval. (*Matter of McCabe* v. *Voorhis*, 243 N. Y. 401; *People ex rel. Hotchkiss* v. *Smith*, 206 id. 231.) The division of the city into councilmanic districts has been made, and the nomination and election of councilmen whose terms of office are to begin January 1, 1928, are scheduled to take place in the autumn of this year. It is a matter of grave importance to all the citizens of Rochester that the law governing this matter should be settled promptly. It is provided in the 2d paragraph of section 95 of the local law that no person shall be appointed to office or position who has held elective office in the city within one year. It is our opinion that this provision is unfairly discriminatory and unconstitutional (*Rathbone* v. *Wirth*, 150 N. Y. 459), and we, therefore, declare it invalid. The other sections of the local law brought before us in controversy, while of importance, are not of the same character as those mentioned. They have no necessarily serious bearing, at present at least, upon the governmental welfare or the public interests of the people of Rochester. They deal rather with matters of detail, matters incidental and subsidiary.

The city of Rochester has the right to amend its own charter. Sections 2–7, inclusive, of article 12 of the State Constitution, having been twice passed by the Legislature, were approved by the people at the polls in 1923. (*Browne* v. *City of New York*, 241 N. Y. 96.) They constitute the " Home Rule Amendment " of the Constitution. Later, in 1924, the City Home Rule Law was enacted. Section 11 of that act, an amplification of section 3 of article 12 of the Constitution, and passed under the sanction of the Home Rule Amendment (City Home Rule Law, § 30), provides that the local legislative body of a city (the common council of Rochester) " shall have power to adopt and amend laws in relation to the property, affairs or government of the city *relating to* the powers, duties,   *   *   *   *mode of selection*   *   *   *   *of all officers and employees of the city.*"

We are not impressed by the argument that " mode of selection " in this section 11 refers simply to determining whether officers shall be elected or appointed. The City Home Rule Law was evidently enacted to give cities broad local authority. The legislative course had been pointed that way by recent constitutional amendment. The phraseology of this law undoubtedly was the result of a legislative realization of a diversity of view among our citizens as to ideal municipal government and methods of obtaining it. In construing the words " mode of selection " this should be taken into account. A narrow construction should be avoided. The

State is not irrevocably committed to the party system of choosing officials, for it has authorized departures from it. The plaintiff claims that the constitutionality of these changes has never been passed upon. But they are presumed to be constitutional, and the length of time that they have been in operation strengthens that presumption. If " mode of selection " includes authority to decide on choosing officers by appointment, authority must necessarily accompany that to determine what officers there shall be, who shall appoint them, their terms of office, etc. If in certain instances it be determined to choose officials by election, is it unreasonable to conclude that the local legislative body is likewise empowered to decide what officials it shall have, and how they shall be nominated to go before the people on election day? Article 6 of the Election Law, dealing with designation and nomination of candidates, provides in section 130 that " this article shall not repeal nor affect the provisions of a statute, general or local, prescribing a particular method of making nominations of candidates for certain * * * city offices." Utilization by the common council of its authority to provide for nomination of candidates for city offices does not interfere with the general operation of the Election Law nor with the affairs of any city other than Rochester. It is not provided anywhere in the Election Law that all the qualified electors of a city shall be entitled to vote for every candidate for city office. There is no prohibition against dividing a city into districts for the purpose of electing certain city officials by the voters of single districts, to the exclusion of all other voters in the city. It seems that granting to the local legislative body the " mode of selection " of the officers of the city gave the common council authority to enact article 1 of the Local Law.

Article 12, sections 2 and 4, of the Constitution limits the power of the Legislature as to passing laws that may affect cities. Conversely, subdivision 2 of section 12 of the City Home Rule Law (as amd. by Laws of 1925, chap. 397) provides that no local law (which includes the " local law " in question) shall supersede any legislative act relating to the property, affairs or government of cities, which *in terms and in effect* applies alike to all cities, and that no local law shall supersede a legislative act which relates to matters other than the property, affairs or government of cities, whether it applies to all cities alike or not.

None of these provisions prevent the election features of the local law under consideration from being valid. This law was passed pursuant to section 11 of the City Home Rule Law. It is not a part of the Election Law. It applies only to the city of Rochester; it *relates* " to the property, affairs or government " of the city of

Rochester. It also touches them in ways that are enumerated and permitted in section 11 of the City Home Rule Law. It seems to " relate " directly " to the powers, duties, qualifications, number, mode of selection    *    *    *    of all officers and employees of the city." When the Legislature, in obedience to the mandate of the Constitution, passed section 11 of the City Home Rule Law, a uniform system of choosing city officials was not in existence and operation. In some instances the Legislature had prohibited the use of party emblems and devices. It had prohibited the nomination of officials by party organizations, e. g., in Buffalo. (See Charter of the City of Buffalo [Laws of 1914, chap. 217], § 70 et seq.; Id. § 85 et seq.; Id. § 93.) It is evident, then, that the Election Law, in respect to its provision for party nomination, does not apply in terms and in effect to all cities. Wherefore, article 1 of this local law does not fall within the condemnation of section 12, subdivision 2, of the City Home Rule Law.

Article 3, section 18, of the Constitution prohibits the Legislature from passing a private or local bill involving " the opening and conducting of elections or designating places of voting." The quoted words bear upon article 8 of the Election Law — on conduct of elections. They have no bearing upon the validity of article 1 of the local law. They are intended merely to prevent the Legislature from compelling any locality to choose its voting places or conduct its elections otherwise than in the manner generally provided.

Neither the City Home Rule Law nor the local law is in conflict with section 1 of article 12 of the Constitution. That section must have been in the legislative mind when sections 2–7 of article 12, constituting the Home Rule Amendment, were passed by the Legislature and ratified by the people. Its statement that it is " the duty of the Legislature to provide for the organization of cities " is of general significance, and is in full accord with the other provisions of article 12, as amplified and ratified, and with the City Home Rule Law, passed pursuant to that article. The City Home Rule Law itself is a provision " for the organization of cities." It cannot have been the legislative intent that the Home Rule Amendment and the authorized enabling provisions of the City Home Rule Law should be hampered and emasculated by this section, deliberately left in its original form.

Article 10, section 2, of the Constitution provides, in part, that " all city    *    *    *    officers, whose election or appointment is not provided for by this Constitution, shall be elected by the electors of such cities,    *    *    *    or of some division thereof, or appointed by such authorities thereof, as the Legislature shall designate for that purpose." And article 12, section 3, empowers cities to enact

such local laws only as are " not inconsistent with the Constitution." Article 1 of the local law does not conflict with section 2 of article 10 of the Constitution, for this reason: The local law provides a " mode of selection " of city councilmen and other officers by election or appointment; this is sanctioned by section 11 of the City Home Rule Law, which amplifies and is authorized by section 3 of article 12 of the Constitution. Therefore, the election and appointment of the Rochester city officers are " provided for by this Constitution." If there is any other conflict between article 10, section 2, and article 12, section 3, of the Constitution, the latter (having been adopted later) controls. (*People ex rel. Williams Engineering & Contracting Co.* v. *Metz,* 193 N. Y. 148.) " Repeated decisions have informed us that only when conflict with the Constitution is clear and indisputable will a statute be condemned as void." (*Browne* v. *City of New York,* 241 N. Y. 96.)

Section 30 of the City Home Rule Law says that it is the " intention of the Legislature by this chapter to provide for carrying into effect the provisions of article twelve of the Constitution pursuant to the direction contained therein and hereby to enable cities to adopt and amend local laws for the purpose of *fully and completely* exercising the powers granted to cities by the *terms and spirit* of such article." Section 31 says: " This chapter shall be construed liberally." The whole spirit of the act seems to be not one of restriction, but one of amplification of the local power and authority of each municipality as much as may be, without permitting interferences with other municipalities, or with the specifically reserved powers of the Legislature.

It is to be observed that section 21 of the City Home Rule Law places nine several limitations or restrictions upon the right of cities to adopt local laws. There is nothing in the section, however, referring to the selection of city officials. Nor is there anything in sections 1 to 20 of the local law which is an unlawful " enlargement of the powers " of the city of Rochester. (*Browne* v. *City of New York, supra.*)

Article 1 of the local law does not unlawfully modify or restrict section 50 of the Election Law providing for a commissioner of elections in Monroe county. It arranges for the detail of the work of the county commissioner of elections in the city, but does not interfere with his work or any of his rights or duties in the rest of Monroe county. It is not " inconsistent with the * * * laws of the State " (Const. art. 12, § 3), nor does it *affect* " any provision of law relating to the property, affairs or government of a county." (City Home Rule Law, § 21, subd. 9.)

The judgment appealed from should be modified in accordance

with this opinion and as modified affirmed, with costs to the city of Rochester. This is without prejudice to any further action with reference to any portions of the Local Law not passed upon here. Conclusions of law first, second and third are disapproved and reversed. Findings of fact first to ninth, inclusive, and thirteenth to nineteenth, inclusive, and twenty-third to twenty-fifth, inclusive, and conclusions of law fifth, seventh, eighth and ninth are approved as found. Findings of fact tenth, eleventh and twenty-seventh to thirty-third, inclusive, are modified. Findings of fact twelve, twenty, twenty-one, twenty-two and twenty-six, and conclusions of law four, six, ten and eleven are disapproved and reversed because they deal with matters in controversy upon which we decline to pass, in order that we may not seem to approve of them by failing to mention them. One additional conclusion of law is made, and the twelfth conclusion of law is modified.

All concur, except CLARK and SAWYER, JJ., who dissent in part and vote to affirm the 1st, 2d, 3d and 7th paragraphs of the judgment on the ground that the portions of the local law referred to in the 3d paragraph of the judgment are in conflict with the Election Law, and that, being a general statute, must prevail; but vote to reverse the 8th and 9th paragraphs of the judgment on the ground that the provisions of the local law therein referred to are repugnant to section 2 of article 12 and sections 1 and 18 of article 3 and section 2 of article 10 of the State Constitution; and also vote to disapprove and reverse the eighth and ninth conclusions of law, but otherwise concur. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment modified in accordance with opinion and as modified affirmed, with costs to the city of Rochester.